BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: SENSIPAR (CINACALCET          MDL DOCKET NO. 2895
HYDROCHLORIDE TABLETS)
ANTITRUST LITIGATION

### RESPONSE OF PLAINTIFF KPH HEALTHCARE SERVICES, INC. IN OPPOSITION TO UFCW LOCAL 1500 WELFARE FUND'S MOTION FOR TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF DELAWARE AND IN SUPPORT OF TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA

The competing motions for transfer in this litigation agree that coordination and consolidation of the Related class actions is appropriate.[1] There is no dispute about there being substantial overlap among the defendants and issues in all these cases (the "Related Actions"). Indeed, the Related Actions are similarly brought on behalf of purchasers of Sensipar (cinacalcet hydrochloride tablets), and allege that Defendants entered into an anticompetitive agreement which eliminated generic competition in the United States for branded and generic versions of Sensipar in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

The parties disagree, however, as to what the most appropriate forum is for transfer and coordination or consolidation. A closer examination of the reasons that Plaintiff UFCW Local 1500 Welfare Fund ("UFCW") contends that the District of Delaware is more appropriate are not

---

[1] In the Motion filed by UFCW Local 1500 Welfare Fund, it requests that the competitor case, *Cipla Ltd. et al v. Amgen Inc.*, 19cv44 (D. Del.), be coordinated, not consolidated, with the Related class actions because it also concerns the same anticompetitive conduct. *See* UFCW Mem. at 4 n.2. In its initial transfer motion, Plaintiff KPH Healthcare Services did not seek to consolidate or coordinate the *Cipla* action with the Related class action cases. While the *Cipla* action is not a class action, it does, however, deal with some of the same issues as the class action cases. Accordingly, KPH does not oppose consolidation and/or coordination of that competitor case. *See*, *e.g.*, *In re Lipitor Antitrust Litig.*, MDL No. 2332, 2012 WL 4069565, *1 (J.P.M.L. Aug. 3, 2012) ("It is not unusual for individual claims to proceed in an MDL with class claims, as all parties can benefit from discovery regarding a common factual core."); *In re Polyurethane Foam Antitrust Litig.*, MDL No. 2196, 2011 WL 3182411, *1 (J.P.M.L. May 19, 2011) ("The Panel… typically includes both individual actions and putative class actions in the same multidistrict proceeding when they arise from the same alleged antitrust conspiracy.").

compelling, especially given how currently short-handed and overloaded that court's docket is. Accordingly, Plaintiff KPH Healthcare Services, Inc. ("KPH") requests that the Related Actions be transferred and coordinated or consolidated in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1407.

## ARGUMENT

**I.      The pending Sensipar cases in the District of Delaware have not advanced too far.**

The factors that courts examine when determining the proper venue for transfer and consolidation or coordination do not weigh in favor of transfer of the Related Actions to the District of Delaware. In this regard, UFCW primarily argues that the litigation has already been procedurally advancing in the District of Delaware and lists various bullet-pointed items in support of its contention. A closer review of UFCW's argument, however, shows that many of the items listed mainly refer to the competitor case, the *Cipla* action, not the class action cases, and, in any event, do not reflect such an advanced stage in the proceedings that would be upset by transfer to the Eastern District of Pennsylvania. Indeed, items such as the holding of initial telephone conferences, meet and confers regarding document requests, and the entry of a Stipulation that Defendants accept service of the UFCW complaint are simply procedural tasks that do not weigh against transfer of the cases. *See In re Toilet Seat Antitrust Litig.*, 387 F. Supp. 1342, 1343-44 (J.P.M.L. 1975) ("Although some discovery has commenced in the actions pending in the Northern District of Illinois, it has been very limited and involves only one of the common defendants. No valid reason has been given to support the suggestion that transfer to the Eastern District of Michigan will unreasonably hamper or retard discovery in these actions.").

The most recent docket entry entered on April 25, 2019 in the Delaware class actions is telling as to the actual status of those cases. According to the court's oral Order, Judge Stark

2

denied the plaintiffs' requests for early discovery and has directed the parties to meet and confer in order to determine dates for their proposed scheduling order(s) and to conduct a Rule 26(f) conference.

> ORAL ORDER: Having reviewed the parties' recent letters (C.A. No. 19-369 D.I. 12, 13, 14; C.A. No. 19-369 D.I. 27, 28, 29), IT IS HEREBY ORDERED that Plaintiffs' request for early, expedited discovery is DENIED WITHOUT PREJUDICE to renew in connection with the proposed scheduling order to be filed in accordance with this Order. At this point, Plaintiffs have not met their burden to show "good cause" for discovery outside of the ordinary schedule imposed by the Federal Rules of Civil Procedure. In particular, Plaintiffs fail to persuasively articulate how they are prejudiced if "prevent[ed]... from efficiently moving forward on the same footing and at the same pace" (C.A. No. 19-369 D.I. 12 at 3) as the plaintiff in *Cipla, Ltd. v. Amgen, Inc.*, C.A. No. 19-44 ("*Cipla* Matter"). No request for preliminary injunctive relief is pending in these cases. (Such a motion is pending in the *Cipla* Matter. The Court currently anticipates resolving that motion by on or about May 3. Such resolution may impact the issues raised in the parties' letters in these cases.) **Plaintiffs' request for broad early discovery is particularly disfavored and may be burdensome to Defendants (unlike, for example, a tailored request for discovery already produced in the *Cipla* Matter). The Court does not, however, agree with Defendants that discovery in these cases should necessarily await resolution of the matters pending before the Joint Panel on Multidistrict Litigation or any forthcoming motion to dismiss (although Defendants may renew these arguments in connection with the scheduling proposals to be submitted in accordance with this Order).**

*UFCW Local 1500 Welfare Fund v. Amgen Inc. et al*, 1:19cv369 (Dkt. Entry No. 16) (emphasis added); *Cesar Castillo, Inc. v. Amgen Inc. et al*, 1:19cv396 (Dkt. Entry No. 31) (same).

Thus, despite UFCW's claims to the contrary, the class action cases pending in Delaware clearly have not reached too advanced a stage and therefore do now weigh in favor of consolidation and coordination in that district.

## II.  The Eastern District of Pennsylvania is the most suitable and convenient forum.

While UFCW contends that the District of Delaware is the most suitable and convenient forum, the fact of the matter is that a significant proportion of potential witnesses and

3

documentary evidence are located within or near the Eastern District of Pennsylvania, as many of the defendants in the Related Actions have their principal place of business in close proximity to the Eastern District of Pennsylvania.  In fact, as mentioned in KPH's initial supporting memorandum, Defendant Teva's principal place of business is located in North Wales, Pennsylvania.  In addition, the Watson defendants' principal place of business is in Parsippany, New Jersey, Defendant Actavis plc (a company organized and existing under the laws of Ireland) has a place of business in Parsippany, New Jersey, and Defendant Actavis Pharma has its principal place of business in Parsippany, New Jersey.  Thus, the Eastern District of Pennsylvania provides a more geographically centralized location than the District of Delaware for the proposed MDL involving the defendants in this litigation, as it is both accessible and convenient to the parties and witnesses.

As for Chief Judge Stark, who has been presiding over three Delaware cases, KPH does not dispute that he is an experienced and capable judge, but he has only been presiding over the Delaware cases for a couple of months, and such a brief introduction to this litigation should not preclude transfer to a less burdened court like the Eastern District of Pennsylvania.   In fact, the Panel has opted to transfer cases away from judges who may be somewhat familiar with the litigation at issue where, as here, other mitigating factors are present.  *See*, *e.g.*, *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319 (J.P.M.L. 1970) (transferring actions by states, competing drug manufacturers and private parties for criminal damages and various types of equitable relief to the District of Columbia where government antitrust action was pending even though action was pending in district of New Jersey before judge who was familiar with the litigation).  The mitigating factors in this instance concern how overloaded the District of Delaware's docket is,

which UFCW has not addressed at all.[2]  In light of that court's busy case load, and because it is short-handed, the District of Delaware has found it necessary, since May 26, 2017, to create a roster of what is currently fourteen visiting judges, four of which are from the Eastern District of Pennsylvania.  *See* Delaware District Court website, Visiting Judges web page at http://www.ded.uscourts.gov/visiting-judges (last visited on Apr. 9, 2019) (listing Delaware District Court's Visiting Judges as, among others, Judges Mitchell Goldberg, Mark Kearney, Gerald McHugh and Senior Judge Eduardo Robreno of the Eastern District of Pennsylvania).[3]  The continuing judgeship vacancies in the District of Delaware have resulted in more than a dozen District and Circuit Court judges taking District of Delaware cases.[4]  Thus, it is no surprise that "the District of Delaware is not overburdened with multidistrict litigation" as UFCW contends, *see* UCFW's Mem. Supp. Transfer at 12-13, given it is already seeking help to handle its overloaded docket of cases from sister district courts like the Eastern District of Pennsylvania.  In fact, Judge Goldberg of the Eastern District of Pennsylvania was assigned and presided over the underlying '405 patent litigation at issue in the present Related antitrust cases as a Visiting Judge of the District of Delaware.  *See Amgen v. Amneal Pharm. LLC*, 328 F. Supp.3d 373 (D. Del. 2018) (Goldberg, J.).

---

[2] *See "Examining The Need for New Federal Judges,"* Joint Statement of Judges Lawrence F. Stengel, Roslynn Mauskopf, and Dana M. Sabraw, Before the Subcommittee on Courts, Intellectual Property, and the Internet of the Committee on the Judiciary, United States House of Representatives (June 21, 2018), page 6 at https://www.uscourts.gov/sites/default/files/testimony_for_congressional_hearing_-_examining_the_need_for_new_federal_judges_0.pdf ("The lack of additional judgeships, combined with the growth in caseload, has created enormous difficulties for many courts across the nation, but it has reached urgent levels in five district courts that are struggling with extraordinarily high and sustained workloads. The severity of conditions in the Eastern District of California, the District of Delaware, the Southern District of Florida, the Southern District of Indiana, and the Western District of Texas requires immediate action. The Judicial Conference urges Congress to establish new judgeships in these districts as soon as possible.").

[3] *See also "Assignment of Cases to Visiting Judges,"* dated May 26, 2017 at http://www.ded.uscourts.gov/news/assignment-cases-visiting-judges (last visited Apr. 9, 2019).

[4] *See "Assignment of Cases to Visiting Judges – Update,"* dated Sept. 22, 2017 at http://www.ded.uscourts.gov/sites/default/files/news/2017/September/22/Visiting%20Judges%20Announcement%20-%20Sept%202017b.pdf (last viewed Apr. 9, 2019).

Moreover, Judge Wendy Beetlestone, who has been assigned to preside over the KPH action in the Eastern District of Pennsylvania, is no stranger to handling class action cases. To the contrary, Judge Beetlestone has presided over many complex class actions and has issued decisions in such cases that have been affirmed by the Third Circuit. *See*, *e.g.*, *Taha v. Bucks County, et al.*, CIVIL ACTION NO. 12-6867, 2016 WL 2345998 (E.D. Pa. May 4, 2016) (granting motion for Rule 23(b)(3) class certification), *aff'd by* 862 F.3d 292, 309 (3d Cir. 2017); *Silverstein v. Globus Medical*, CIVIL ACTION NO. 15-5386, 2016 WL 4478826 (E.D. Pa. Aug. 25, 2016) (holding that plaintiff in securities fraud class action failed to plead a violation of Section 10(b) and also dismissing claims under Section 20(a) as well), *aff'd by Williams v. Globus Medical*, 869 F.3d 235 (3d Cir. 2017). *See also Underwood v. Kohl's Department Stores, Inc.*, No. CV 15-730, 2017 WL 5261535 (E.D. Pa. Nov. 13, 2017) (partially granting motion for class certification involving Kohl's credit card users alleging unjust enrichment against Kohl's and Capital One for charging the full price for PrivacyGuard services where the putative class members never fully activated the monitoring services); *Utesch v. Lannett Co.*, 316 F. Supp.3d 895 (E.D. Pa. 2018) (granting defendant's motion to dismiss putative securities fraud class action claims that turned on underlying allegation of antitrust law violations due to plaintiff's failure to adequately plead scienter); *Frompovicz v. Niagra Bottling*, 337 F. Supp.3d 498 (E.D. Pa. 2018) (partially granting motions to dismiss claims in amended putative class action complaint filed by extractor against competitor and bottlers, alleging they violated Lanham Act and Pennsylvania's unfair competition law by mislabeling water as "spring water").

Finally, UFCW argues that because the District of Delaware is where the first-filed action is pending, it is the most appropriate transferee court. However, under similar circumstances, the Panel has favored a transferee court with a less burdened docket that can more easily handle an

MDL assignment over a court where the first-filed action is pending. *See In re: Halftone Color Separations ('809) Patent Litig.*, MDL No. 1926, 547 F. Supp.2d 1383, 1385 (J.P.M.L. 2008). In *Halftone*, for example, although the Panel acknowledged that some weight is given to the first-filed criterion in selecting a transferee district, it recognized that the patent litigation at issue could well have been filed in any of a number of jurisdictions, and, thus, determined that assignment of that MDL to a district with a docket that could more easily manage the litigation was more important. *See Halftone*, 547 F. Supp.2d at 1385 ("Furthermore, current docket conditions in the Eastern District of Texas counsel against assignment of this MDL to that district where other appropriate districts are available to handle the litigation.").

All of the above weigh heavily in favor of transfer and coordination or consolidation of the Related Actions in the Eastern District of Pennsylvania.

## CONCLUSION

Accordingly, Plaintiff KPH respectfully requests that the Panel grant its motion and transfer the Related Actions as well as any other related cases to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.

Dated: May 2, 2019                                   Respectfully submitted,

/s/Dianne M. Nast_____
Dianne M. Nast
Erin C. Burns
Michael Tarringer
**NastLaw LLC**
1101 Market Street
Suite 2801
Philadelphia, PA  19107
215-923-9300
215-923-9302 (facsimile)
dnast@nastlaw.com
eburns@nastlaw.com
mtarringer@nastlaw.com

Michael L. Roberts  
Debra G. Josephson  
Stephanie E. Smith  
**Roberts Law Firm, P.A.**  
20 Rahling Circle  
P.O. Box 241790  
Little Rock, Arkansas 72223  
501-821-5575 (phone)  
501-821-4474 (facsimile)  
mikeroberts@robertslawfirm.us  
debrajosephson@robertslawfirm.us  
Stephaniesmith@robertslawfirm.us  
